NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued September 23, 2009
Decided October 14, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1286

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 357-2 |
| LONNIE JENNINGS, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, *Judge*. |

**ORDER**

On November 15, 2005, Lonnie Jennings sold crack cocaine to a government informant, Justin Stokes. Jennings was subsequently convicted, after a two-day jury trial, of knowingly and intentionally distributing in excess of 50 grams of cocaine base in the form of crack cocaine, and conspiring to do the same. The district court sentenced Jennings to 240 months of imprisonment, the mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii). Jennings appeals both his conviction and his sentence. We affirm.

Jennings first challenges his conviction, arguing that the district court abused its discretion by not allowing a forensic chemist, Wayne Morris, to provide expert testimony on his behalf. Jennings hoped to use Morris's testimony to disprove the government's claim that the substance Jennings had sold to Stokes was crack. Three witnesses testified in support of the government. First, Peter Ausili, the government's forensic chemist, testified that the substance sold by Jennings was 54 grams of an off-white rocklike substance containing "cocaine base." Second, FBI agent Frederick Osborne, who was qualified as an expert in identifying crack cocaine, testified that in his opinion, the substance was crack. Finally, FBI agent Christopher Crocker testified that Jennings had admitted that he delivered crack to Stokes.

Prior to being called to testified, Morris prepared a three-page report that was filed with the district court. Because of uncertainty over the nature of Morris's anticipated testimony, the district court also questioned Morris outside the presence of the jury. In court, Morris explained that he agreed with the government's forensic chemist, Peter Ausili, that the substance found in Jennings's possession was the non-salt form of cocaine hydrochloride (which Ausili referred to as "cocaine base.") In Morris's opinion, however, it was incorrect to use the term "cocaine base" to refer to this substance. Morris would have testified that the correct term for the non-salt form of cocaine was either "cocaine" or "cocaine free base," and that the term "cocaine base" was meaningless. From this, Jennings would have argued that there was no basis for determining that the substance he sold was cocaine base in the form of crack, as charged in the indictment.

"Cocaine base" is the term used in 21 U.S.C. § 841(b)(1)(A)(iii). Interpreting a statute is a legal question for the court, not a fact issue on which expert testimony is appropriate. Fed. R. Evid. 702; *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The only legal expert in a federal courtroom is the judge."). Courts routinely use the phrase "cocaine base" to describe the non-salt form of cocaine. *See, e.g.*, *Kimbrough v. United States*, 128 S. Ct. 558, 566 (2007); *United States v. Edwards*, 397 F.3d 570, 574 (7th Cir. 2005). Morris's proffered testimony criticizing that choice of language is irrelevant and potentially confusing. Because Morris's testimony would have done nothing to help the jury understand the evidence before it, the district court correctly refused to permit Morris to testify.

Jennings also argues that the twenty-year prison term he received pursuant to 21 U.S.C. § 841 violates the Fifth and Eighth Amendments to the Constitution. We have previously rejected the argument that the mandatory minimum sentences for crack cocaine offenses violate the Constitution. *See United States v. Smith*, 34 F.3d 514, 525 (7th Cir. 1994) (rejecting Eighth Amendment challenge); *United States v. Lawrence*, 951 F.2d 751, 755 (7th Cir. 1991) (rejecting due process and equal protection challenge). Jennings relies on a 2007 report of the Sentencing Commission to call into question the continuing vitality of the

disparity in punishment for crack and powder cocaine. *See* United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (2007). The report asks Congress to take legislative action to reduce this disparity. But Jennings has not explained why the report casts doubt on the constitutionality–rather than the wisdom–of the 100-to-1 crack/powder ratio. The Sentencing Commission has been critical of the 100-to-1 ratio for over a decade, calling for a 1-to-1 ratio in 1995, a 5-to-1 ratio in 1997, and a 20-to-1 ratio in 2002. *See Kimbrough*, 128 S. Ct. at 569. During that time, we have continued to rely on *Smith* and *Lawrence*. *See United States v. Taylor*, 522 F.3d 731, 736 (7th Cir. 2008) (collecting cases). We see no reason to reexamine that well-settled precedent here.

Accordingly, the judgment of the district court is AFFIRMED.